BINGHAM MCCUTCHEN LLP
Bree Hann (SBN 215695)
bree.hann@bingham.com
Thai Q. Le (SBN 267460)
thai.le@bingham.com
Three Embarcadero Center
San Francisco, California  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286

BINGHAM MCCUTCHEN LLP
Thane D. Scott (*pro hac vice application pending*)
thane.scott@bingham.com
Brandon L. Bigelow (*pro hac vice application pending*)
brandon.bigelow@bingham.com
One Federal Street
Boston, MA  02110-1726
Telephone:  617.951.8000
Facsimile:  617.951.8736

Attorneys for Defendant
Parametric Technology Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FLEXTRONICS INTERNATIONAL, LTD., and FLEXTRONICS INTERNATIONAL USA, INC.,<br><br>       Plaintiffs/Defendants-in-Counterclaim,<br><br>       v.<br><br>PARAMETRIC TECHNOLOGY CORPORATION,<br><br>       Defendant/Plaintiff-in-Counterclaim. | No. CV 13-0034 PSG<br><br>**ANSWER AND COUNTERCLAIM OF PARAMETRIC TECHNOLOGY CORPORATION FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>**(1)  COPYRIGHT INFRINGEMENT;**<br>**(2)  BREACH OF CONTRACT** |

Defendant/Plaintiff-in-Counterclaim, Parametric Technology Corporation n/k/a PTC Inc. ("PTC"), hereby responds to the allegations of the Complaint filed by plaintiffs/defendants-in-counterclaim, Flextronics International, Ltd. and Flextronics International USA, Inc. (together, "Flextronics").  PTC further asserts counterclaims against Flextronics for its admitted copyright infringement and breach of contract in creating and using unlicensed, unauthorized copies of PTC software, and seeks preliminary and permanent injunctive relief barring Flextronics from further software piracy.

**ANSWER**

**NATURE OF THE ACTION**

1.      PTC admits that Flextronics has brought an action against PTC, but otherwise denies the allegations of Paragraph 1 of the Complaint.

**THE PARTIES**

2.      Admitted.

3.      Admitted.

4.      Admitted.

**JURISDICTION AND VENUE**

5.      PTC admits that this action and related counterclaim arises, in part, under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and that the Court therefore has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.  Without waiver of any rights it may have pursuant to the agreements between the parties, PTC does not object to venue in this Court pursuant to 28 U.S.C. § 1391 for purposes of this action only.

6.      Denied.

**INTRADISTRICT ASSIGNMENT**

7.      Admitted.

**FACTS**

8.      Admitted.

9.      PTC admits that the 1998 Enterprise Agreement is one contract between the parties governing Flextronics' use of PTC software products – including the Pro/ENGINEER software – and that it contemplates the use by Flextronics of certain software products licensed by PTC to Flextronics, but denies that the 1998 Enterprise Agreement is the "master contract governing the business relationship between Flextronics and PTC," and otherwise denies the allegations of Paragraph 9 of the Complaint.

10.     Denied.

11.     PTC admits that § 14.8 of the 1998 Enterprise Agreement contains an integration clause, but denies any characterization of the integration clause to the extent it conflicts with the

2

language of the clause itself, and otherwise denies the allegations of Paragraph 11 of the Complaint.

12.     Denied.

13.     Admitted.

14.     Admitted.

15.     PTC admits that Flextronics has made at least one unauthorized copy of, and has at least improperly used that illegal copy, of PTC's Pro/ENGINEER software, but otherwise denies the allegations of Paragraph 15 of the Complaint.

16.     Denied.

17.     Denied.

## FIRST CAUSE OF ACTION
### Violation of 18 U.S.C. § 1030, Computer Fraud and Abuse Act

18.     PTC incorporates by reference each of its responses to Paragraphs 1 through 17 of the Complaint as though fully set forth herein.

19.     PTC has moved to dismiss Count One of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  To the extent a response is required, PTC denies the allegations of Paragraph 19 of the Complaint.

20.     PTC has moved to dismiss Count One of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  To the extent a response is required, PTC denies the allegations of Paragraph 20 of the Complaint.

21.     PTC has moved to dismiss Count One of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  To the extent a response is required, PTC denies the allegations of Paragraph 21 of the Complaint.

22.     PTC has moved to dismiss Count One of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  To the extent a response is required, PTC denies the allegations of Paragraph 22 of the Complaint.

ANSWER AND COUNTERCLAIM
OF PARAMETRIC TECHNOLOGY CORPORATION

23.    PTC has moved to dismiss Count One of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  To the extent a response is required, PTC denies the allegations of Paragraph 23 of the Complaint.

24.    PTC has moved to dismiss Count One of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  To the extent a response is required, PTC denies the allegations of Paragraph 24 of the Complaint.

25.    PTC has moved to dismiss Count One of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  To the extent a response is required, PTC denies the allegations of Paragraph 25 of the Complaint.

<div align="center">

**SECOND CAUSE OF ACTION**
**Violation of Cal. Penal Code § 502, Computer Data Access & Fraud Act**

</div>

26.    PTC incorporates by reference each of its responses to Paragraphs 1 through 25 of the Complaint as though fully set forth herein.

27.    PTC has moved to dismiss Count Two of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  To the extent a response is required, PTC denies the allegations of Paragraph 27 of the Complaint.

28.    PTC has moved to dismiss Count Two of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  To the extent a response is required, PTC denies the allegations of Paragraph 28 of the Complaint.

29.    PTC has moved to dismiss Count Two of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  To the extent a response is required, PTC denies the allegations of Paragraph 29 of the Complaint.

30.    PTC has moved to dismiss Count Two of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  To the extent a response is required, PTC denies the allegations of Paragraph 30 of the Complaint.

31.    PTC has moved to dismiss Count Two of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  To the extent a response is required, PTC denies the allegations of Paragraph 31 of the Complaint.

<div align="center">

ANSWER AND COUNTERCLAIM
OF PARAMETRIC TECHNOLOGY CORPORATION

</div>

32.    PTC has moved to dismiss Count Two of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  To the extent a response is required, PTC denies the allegations of Paragraph 32 of the Complaint.

33.    PTC has moved to dismiss Count Two of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  To the extent a response is required, PTC denies the allegations of Paragraph 33 of the Complaint.

34.    PTC has moved to dismiss Count Two of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  To the extent a response is required, PTC denies the allegations of Paragraph 34 of the Complaint.

35.    PTC has moved to dismiss Count Two of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  To the extent a response is required, PTC denies the allegations of Paragraph 35 of the Complaint.

**THIRD CAUSE OF ACTION**
**Declaratory Judgment – Copyright Act, 17 U.S.C. § 106, *et seq.***

36.    PTC incorporates by reference each of its responses to Paragraphs 1 through 35 of the Complaint as though fully set forth herein.

37.    PTC admits that Flextronics has admitted in Paragraph 15 of its Complaint to at least one act of copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101, *eq*., and that PTC has brought a counterclaim against Flextronics based on that admitted violation of law, as well as numerous other instances of copyright infringement.  PTC otherwise denies the allegations of Paragraph 37 of the Complaint.

38.    Denied.

39.    Denied.

**FOURTH CAUSE OF ACTION**
**Declaratory Judgment – Breach of Contract**

40.    PTC incorporates by reference each of its responses to Paragraphs 1 through 39 of the Complaint as though fully set forth herein.

ANSWER AND COUNTERCLAIM
OF PARAMETRIC TECHNOLOGY CORPORATION

41.     PTC admits that Flextronics has admitted in Paragraph 15 to at least one breach of the 1998 Enterprise Agreement between the parties, and that PTC has brought a counterclaim against Flextronics based on that admitted breach of contract as well as numerous other breaches of the agreements between the parties.  PTC otherwise denies the allegations of Paragraph 41 of the Complaint.

42.     Denied.

43.     Denied.

## FIFTH CAUSE OF ACTION
### Trespass to Chattels

44.     PTC incorporates by reference each of its responses to Paragraphs 1 through 43 of the Complaint as though fully set forth herein.

45.     PTC has moved to dismiss Count Five of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  To the extent a response is required, PTC denies the allegations of Paragraph 45 of the Complaint.

46.     PTC has moved to dismiss Count Five of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  To the extent a response is required, PTC denies the allegations of Paragraph 46 of the Complaint.

47.     PTC has moved to dismiss Count Five of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  To the extent a response is required, PTC denies the allegations of Paragraph 47 of the Complaint.

## SIXTH CAUSE OF ACTION
### Conversion

48.     PTC incorporates by reference each of its responses to Paragraphs 1 through 47 of the Complaint as though fully set forth herein.

49.     PTC has moved to dismiss Count Six of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  To the extent a response is required, PTC denies the allegations of Paragraph 49 of the Complaint.

ANSWER AND COUNTERCLAIM
OF PARAMETRIC TECHNOLOGY CORPORATION


50. PTC has moved to dismiss Count Six of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. To the extent a response is required, PTC denies the allegations of Paragraph 50 of the Complaint.

51. PTC has moved to dismiss Count Six of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. To the extent a response is required, PTC denies the allegations of Paragraph 51 of the Complaint.

52. PTC has moved to dismiss Count Six of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. To the extent a response is required, PTC denies the allegations of Paragraph 52 of the Complaint.

53. PTC has moved to dismiss Count Six of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. To the extent a response is required, PTC denies the allegations of Paragraph 53 of the Complaint.

54. PTC has moved to dismiss Count Six of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. To the extent a response is required, PTC denies the allegations of Paragraph 54 of the Complaint.

## AFFIRMATIVE DEFENSES

PTC states the following affirmative defenses without assuming the burden of proof if the burden of proof of such defenses would otherwise rest on Flextronics. PTC expressly reserves the right to raise additional defenses, or to supplement or amend the following defenses, as this litigation proceeds.

### First Affirmative Defense

Flextronics' claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Flextronics' claims are barred, in whole or in part, because it has not suffered "injury-in-fact" and therefore lacks standing under Article III of the United States Constitution to assert such claims.

**Third Affirmative Defense**

Flextronics' claims are barred, in whole or in part, because PTC acted within its contractual rights under all applicable agreements.

**Fourth Affirmative Defense**

Flextronics failed to mitigate its damages, and Flextronics by its own acts or omissions is barred from bringing any claim against PTC.

**Fifth Affirmative Defense**

Any harm suffered by Flextronics was caused by the actions or omissions of third parties, and not by any conduct of PTC.

**Sixth Affirmative Defense**

Flextronics' claims are barred, in whole or in part, because it has not suffered any injury as a result of PTC's alleged conduct.

**Seventh Affirmative Defense**

Flextronics' claims are barred, in whole or in part, by the doctrines of equitable estoppel, waiver, laches, and unclean hands.

**COUNTERCLAIM**
**OF PARAMETRIC TECHNOLOGY CORPORATION**

Plaintiff-in-counterclaim, Parametric Technology Corporation ("PTC"), for its counterclaims against defendants-in-counterclaim, Flextronics International, Ltd. and Flextronics International USA, Inc. (together, "Flextronics"), alleges as follows:

**INTRODUCTION**

1.      Flextronics has licensed software from PTC for many years.  In July 2012, PTC approached Flextronics and requested that the parties work cooperatively to identify unauthorized copies of PTC software on Flextronics' computer systems.  At that time, Flextronics admitted to creating, possessing, and using multiple unauthorized copies of software created and licensed by PTC, in violation of the federal Copyright Act, 17 U.S.C. § 501, *et seq.*, and in breach of the license agreement between the parties.

8

2.      Rather than cease its admitted copyright infringement and breach of contract, however, Flextronics filed a lawsuit in January 2013 asserting computer fraud-based claims based on PTC's purportedly unauthorized access of Flextronics' computer systems, and seeking a declaratory judgment that it had not violated the Copyright Act or breached a contract between the parties.  In its Complaint, Flextronics disclosed to the Court only one of the agreements and other documents that govern the relationship between the parties and the claims at issue in this case.

3.      Moreover, although Flextronics had already admitted to creating, possessing, and using multiple unauthorized copies of PTC software, Flextronics claimed in its Complaint to having discovered "at most one unauthorized use" of PTC software, giving rise to serious concerns that Flextronics has destroyed critical evidence of unauthorized copies of PTC software on its computer systems.  Flextronics also has refused to provide PTC with reasonable access to Flextronics' computer systems for the purpose of conducting an audit of its compliance, as required by the agreements between the parties.

## PARTIES

4.      Plaintiff-in-counterclaim, Parametric Technology Corporation ("PTC"), is a Massachusetts corporation with its principal place of business at 140 Kendrick Street, Needham, Massachusetts.

5.      Flextronics International, Ltd. is a corporation organized under the laws of Singapore, with its principal place of business in the United States located at 6201 America Center Drive, San Jose, California.

6.      Flextronics International USA, Inc. is a corporation organized under the laws of California with its principal place of business located at 6201 Great America Parkway, San Jose, California.

7.      Together, Flextronics International, Ltd. and Flextronics International USA, Inc. shall be referred to herein as "Flextronics."

9

**JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501, *et seq*. (copyright infringement) and 28 U.S.C. § 1331 (federal question jurisdiction), and supplemental jurisdiction over Count II of the Counterclaim pursuant to 28 U.S.C. § 1367.  Venue is proper pursuant to 28 U.S.C. § 1391 because Flextronics is located in this judicial district, and because Flextronics filed its Complaint in this judicial district.

**FACTS**

***The License Agreements Between The Parties***

9.      PTC is a leading supplier of software tools and related services used to automate the development of a product from its conceptual design through production.  Among the software products PTC offers are Pro/ENGINEER Wildfire®, and its successor, CREO® (together, the "Pro/ENGINEER Software") and their collection of add-on software tools used to create 3-D computer models of designs in development.

10.     PTC owns seven United States copyright registrations (TX 6-033-668, TX 6-033-669, TX 7-110-970, TX 7-616-136, TX 7-590-984, TX 7-632-391, TX 7-632-395) for the PRO/Engineer Software, copies of which are attached hereto as Exhibit A.

11.     PTC has made significant investments of time, effort, and money in the Pro/ENGINEER Software, and these copyrights are highly valuable.

12.     On or about August 27, 1998, PTC and Flextronics entered into a "Customer Agreement for Licensed Products," pursuant to which Flextronics licensed the use of certain PTC software under agreed-upon terms (the "1998 License Agreement").  A true and correct copy of the 1998 License Agreement is attached as Exhibit B.

13.     On or about August 25, 2005, PTC and Flextronics entered into a "PTC Customer Agreement for PTC Products," pursuant to which Flextronics licensed the use of certain other PTC software under agreed-upon terms (the "2005 License Agreement").  A true and correct copy of the 2005 License Agreement is attached as Exhibit C.

14.     Before installing the Pro/ENGINEER Software, potential users must acknowledge certain legal notices and indicate that they agree to a standard PTC Customer Agreement (the

10

"PTC Clickwrap Agreement") by clicking an "I ACCEPT" button shown on the computer display.  A true and correct copy of the current version of the PTC Clickwrap Agreement is attached as Exhibit D.

15.     PTC and Flextronics have entered into a series of transactions in which Flextronics purchased, among other things, the use of a discrete number of licenses to use the Pro/ENGINEER Software.  Each of these transactions was subject to one or more license agreements between Flextronics and PTC.

### _The Terms of the 1998 License Agreement_

16.     Under the terms of the 1998 License Agreement, PTC granted Flextronics a limited license to install and use PTC software "on the Designated Computer or Designated Network by Users," _i.e._, Flextronics employees who were bound to comply with the terms and conditions of the license agreement.  1998 License Agreement, § 1.13, 4.

17.     In exchange for this limited license to install and use PTC software, Flextronics acknowledged "that PTC and its licensors are the sole owners of the Licensed Products and of any copies thereof, and of all copyright, trade secret, parent, trademark and other intellectual or industrial property therein," and agreed to a number of provisions intended to protect PTC's valuable intellectual property rights.  1998 License Agreement, § 5.1.

18.     The 1998 License Agreement provided that Flextronics "shall not copy or otherwise reproduce the Licensed Product in whole or in part, except for such copying as is essential for archival and system recovery purposes."  _Id._, § 5.2.

19.     Flextronics also acknowledged that "the ideas and the expressions thereof contained in the Licensed Products are confidential and proprietary information and trade secrets of PTC," and promised that it would limit use of and access to PTC software to authorized users and "take all reasonable steps . . . to ensure that no persons authorized to have access to the Licensed Products shall take any action in violation of this Agreement."  _Id._, § 5.3.

20.     Under the terms of the 1998 License Agreement, Flextronics also agreed that it would "not alter or remove any copyright, trade secret, patent, trademark, proprietary and/or other legal notices contained on or in copies of the Licensed Products," and that it would

11

"reproduce all such notices on or in all copies of the Licensed Products permitted to be made under this Agreement."  1998 License Agreement, § 5.4.

21.    The 1998 License Agreement also expressly provided that, "[t]o ensure Customer's compliance with the terms of this Agreement, PTC reserves the right to audit Customer's use of the Licensed Products during normal business hours on reasonable notice and Customer *shall give PTC such access that it may require* to perform such audit."  1998 License Agreement, § 4 (emphasis added).

22.    The 1998 License Agreement also provides that "Customer shall pay PTC's reasonable attorney's fees and costs incurred by PTC . . . in any controversy or litigation arising under or in connection with this Agreement in which Customer does not prevail against PTC in all of its claims." 1998 License Agreement, § 11.2.

23.    The parties also agreed that "[b]ecause Customer's breach of any of its obligations under Section 4 or 5 [of the 1998 License Agreement] will irreparably harm PTC . . . and substantially diminish the value of the proprietary rights in the Licensed Products, Customer agreed that if it breaches any of said obligations, PTC . . . shall be entitled to equitable relief (including, but not limited to, injunctive relief) to enforce Customer's obligations and to protect the proprietary rights of PTC and/or its licenses."  *Id*., § 13.  The parties also waived any right to a jury trial.  *Id*., § 14.1.

### ***The Terms of the 2005 License Agreement***

24.    The 2005 License Agreement also provided that Flextronics "shall not and shall not permit any third party to . . . . copy or otherwise reproduce the Licensed Products in whole or in part," except in certain limited circumstances, and "provided that any such permitted copies shall be the property of PTC and shall reproduce all PTC copyright, trade secret, patent, trademark, logo, proprietary and/or other legal notices contained in the original copy obtained from PTC."  2005 License Agreement, § 3.2(vii).

25.    Under the terms of the 2005 License Agreement, Flextronics also agreed that it would "not alter, remove, or obscure any copyright, trade secret, patent, trademark, logo,

12

ANSWER AND COUNTERCLAIM
OF PARAMETRIC TECHNOLOGY CORPORATION

proprietary and/or other legal notices on or in copies of the Licensed Products . . . ."  2005 License Agreement, § 3.2(vi).

26.    The 2005 License Agreement also provided that "[t]o confirm Customer's compliance with the terms and conditions hereof, Customer agrees that PTC may audit Customer's use of the Licensed Products.  Customer agrees to provide PTC access to Customer's facilities and computer systems, and to cooperation from Customer's employees and consultants, as reasonably requested by PTC in order to perform such audit . . . ."  2005 License Agreement, § 4.1.

27.    The 2005 License Agreement also provided that "[i]f an audit discloses that Customer has failed to comply with one or more terms and conditions of the Licenses, and such failure to comply could have . . . been avoided by Customer having paid additional license fees to expand the scope of the License or Licenses . . . then Customer shall, in addition to paying the unpaid fees, also reimburse PTC the full cost of such audit."  *Id*.

28.    The 2005 License Agreement also provided that "[u]pon written request from PTC, Customer agrees to provide to PTC and installation and/or usage report with respect to the Licensed Products . . . . Such report shall be certified by an authorized representative of the Customer to its accuracy within ten (10) business days after receipt of such written request from PTC."  *Id*.

29.    The 2005 License Agreement also provided that "[e]ach party waives its right to trial by jury in connection with any dispute arising out of this agreement."  *Id*., § 10.1.

### *PTC's Anti-Piracy Disclosure And Clickwrap Agreement Governing Other Uses*

30.    When first installed, the Pro/ENGINEER Software displays the following legal notice, which must be acknowledged before any such software can be installed or used:

ANSWER AND COUNTERCLAIM
OF PARAMETRIC TECHNOLOGY CORPORATION

**1**

**2**

**3**

**4**

**5**

**6**

**7**

**8**

IF CUSTOMER DID NOT OBTAIN THE LICENSED PRODUCT FROM PTC DIRECTLY . . . CUSTOMER IS USING AN ILLEGALLY OBTAINED UNLICENSED VERSION OF THE APPLICABLE LICENSED PRODUCT. PTC REGARDS SOFTWARE PIRACY AS THE CRIME IT IS AND PURSUES (BOTH CIVILLY AND CRIMINALLY) THOSE WHO TAKE PART IN THESE ACTIVITIES.  AS PART OF THESE EFFORTS, PTC UTILIZES DATA MONITORING AND SCOURING TECHNOLOGIES TO OBTAIN AND TRANSMIT TO PTC DATA ON USERS OF ILLEGAL COPIES OF LICENSED PRODUCTS . . . . BY USING THIS SOFTWARE, YOU CONSENT TO THE COLLECTION, USE, AND TRANSFER OF PERSONAL DATA (INCLUDING TO THE UNITED STATES) FOR THE PURPOSES OF IDENTIFYING USERS OF ILLEGAL COPIES OF OUR SOFTWARE.  SUCH CONSENT SHALL BE BINDING ON ANY USERS OF THIS SOFTWARE, INCLUDING USERS OTHER THAN YOU.

**9**  PTC Clickwrap Agreement at 1, Ex. D.

**10**     31. The PTC Clickwrap Agreement also provides that "[i]f Customer uses any

**11**  unlicensed or unauthorized copies of any PTC software, Customer agrees that . . . Customer will

**12**  pay to PTC the PTC then-current list price for all such unlicensed software, in addition to any

**13**  fines or penalties that may be imposed by law."  PTC Clickwrap Agreement, § 1.4.

**14**     32. The PTC Clickwrap Agreement also states that "[t]o confirm Customer's

**15**  compliance with the terms and conditions hereof, Customer agrees that PTC may perform a

**16**  usage assessment with respect to Customer's use of the Licensed Products.  Customer agrees to

**17**  provide PTC access to Customer's facilities and computer systems . . . as reasonably requested

**18**  by PTC in order to perform such assessment . . . ."  *Id.*, § 2.1.

**19**     33. In addition to the Clickwrap Agreement, all users of PTC software receive a

**20**  disclosure of PTC's anti-piracy measures in the "splash screen" that appears each time they open

**21**  and use the program.

**22**     34. The "splash screen" informs users that "[f]or important information concerning

**23**  copyrights, trademarks, patents, licensing and data collection," they can click "Help > About" on

**24**  the main menu of the product.

**25**     35. The disclosure contained in the "Help > About" section of the software includes

**26**  the following disclosure:

**27**

**28**

PTC regards software piracy as the crime it is, and we view offenders accordingly.  We do not tolerate the piracy of PTC software products.  We pursue (both civilly and criminally) those who pirate software and use all legal means

14

ANSWER AND COUNTERCLAIM
OF PARAMETRIC TECHNOLOGY CORPORATION

available, including public and private surveillance resources.  As part of these efforts, PTC utilizes data monitoring and scouring technologies to obtain and transmit data on users of illegal copies of our software.  If you are using an illegal copy of our software, cease using the illegal version and contact PTC to obtain a legally licensed copy.  By using this software, you consent to the collection, use, and transfer of personal data (including to the United States) for the purposes of identifying users of illegal copies of our software.

### *PTC's Discovery Of "Cracked" Copies Of Its Software On Flextronics' Computers*

36.     In July 2012, PTC contacted Flextronics and requested that Flextronics conduct a search of certain of its computers identified as having "cracked" (*i.e.*, non-compliant, unauthorized versions) of PTC software on them.

37.     On September 21, 2012, Dave DeForest, Senior Director, Global IT, Compliance and Policy Management for Flextronics, informed PTC by email that "[w]e are continuing to run the network inventory and are currently at 71% of the machine population.  This has produced 11 'cracked' versions found so far."  A true and correct copy of the September 21, 2012 email from Flextronics to PTC is attached as Exhibit E.

38.     On October 22, 2012, Mr. DeForest informed PTC by email that "[o]ur review of Asia, using our crawler technologies and some revised scripts to identify potential unauthorized installations, turned up 9 unauthorized installations in our Asia sites."  A true and correct copy of the October 22, 2012 email from Flextronics to PTC is attached as Exhibit F.

39.     On November 6, 2012, PTC wrote to Flextronics to express concern that Flextronics' creation, possession, and use of unauthorized copies of PTC software had actually increased since PTC had first contacted Flextronics in July 2012.  Rather than address PTC's concern regarding the proliferation of "cracked" copies of PTC software on Flextronics' computer systems, Flextronics responded with a November 26, 2012 letter in which it demanded that PTC "cease and desist" from "accessing" Flextronics' computer systems, and dismissed its admitted creation, possession, and use of "cracked" copies of PTC software as "*de minimis*, at worst."

40.     On November 29, 2012, PTC responded to Flextronics' "cease and desist" demand, assuring Flextronics that PTC does not access or monitor any customer computer

1  systems, and accepting Flextronics' invitation to investigate on a cooperative basis Flextronics'

2  possession of "cracked" copies of PTC software.

3  ### *Flextronics' Refusal To Remove And Continued Use Of "Cracked" Software*

4  41.    Rather than locate and remove "cracked" copies of PTC software on its computer

5  systems, on or about January 3, 2013, Flextronics filed a Complaint against PTC asserting

6  various computer fraud claims and seeking a declaratory judgment that it had not violated the

7  Copyright Act or breached the 1998 License Agreement between the parties.

8  42.    Even though Flextronics had previously acknowledged having multiple "cracked"

9  copies of PTC software on its computers, Flextronics alleged in its Complaint that its

10  investigation had revealed "at most one" infringing copy of PTC software on its computer

11  systems.

12  43.    During the period January through July 2012, PTC identified hundreds of

13  instances of "cracked" copies of PTC software being used on dozens of unique computers owned

14  by Flextronics.  After PTC requested that Flextronics locate and remove "cracked" copies of

15  PTC software in July 2012, Flextronics apparently increased its creation and use of unlicensed,

16  "cracked" copies of PTC software, with PTC detecting dozens of additional, unique computers

17  owned by Flextronics on which "cracked" copies of PTC software were installed and used.

18  44.    On or about January 29, 2013, PTC informed Flextronics that it would exercise its

19  right to audit Flextronics' computer systems.  PTC also requested a certified installation/usage

20  report pursuant to Section 4.2 of the 2005 License Agreement.

21  45.    On or about February 12, 2013, Flextronics informed PTC through counsel that it

22  would only permit an audit of its computer systems on onerous terms that conflicted with the

23  terms of the 1998 and 2005 License Agreements, and that effectively prevented PTC from

24  exercising its contractual right to audit Flextronics' use of PTC software.

25  46.    Although Flextronics purported to provide an installation/usage report, that report

26  was not certified by an authorized Flextronics representative as required by Section 4.2 of the

27  2005 License Agreement, and was improperly cloaked under Rule 408 of the Federal Rules of

28  Evidence.

16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT I
### (Copyright Infringement, 17 U.S.C. § 501)

47.     PTC repeats and realleges by reference Paragraphs 1-46 above as if set forth in full herein.

48.     PTC owns a valid and enforceable copyright in the Pro/ENGINEER Software, which is a creative work of original authorship.  PTC has complied with all statutory formalities required by the Copyright Act to maintain the validity of its copyrights in the Pro/ENGINEER Software, as reflected in its copyright registrations attached as Exhibit A.

| # | Title of Work | Date of Registration | Registration Number |
|---|---------------|----------------------|---------------------|
| 1 | Pro/ENGINEER Wildfire | September 13, 2004 | TX 6-033-668 |
| 2 | Pro/ENGINEER Wildfire Release 2.0 | September 13, 2004 | TX 6-033-669 |
| 3 | Pro/ENGINEER Wildfire 3.0 | January 17, 2008 | TX 7-110-970 |
| 4 | Pro/ENGINEER Wildfire 4.0 | August 27, 2012 | TX 7-616-136 |
| 5 | Pro/ENGINEER Wildfire 5.0 | August 27, 2012 | TX 7-590-984 |
| 6 | CREO 1.0 | August 27, 2012 | TX 7-632-391 |
| 7 | CREO 2.0 | August 27, 2012 | TX 7-632-395 |

49.     On information and belief, Flextronics has downloaded or otherwise copied, installed, and used unlicensed copies of the Pro/ENGINEER Software on its computers without permission or authorization from PTC, and contrary to the terms of the license agreements between the parties and applicable law.  Flextronics' copying, installation, and use of PTC's copyrighted software was more than *de minimis*.

50.     Flextronics' unauthorized duplication and/or use and/or distribution of PTC copyrighted software constitutes copyright infringement under 17 U.S.C. § 501.  Flextronics' actions in violation of the Copyright Act have been knowing and willful.

51.     Flextronics' conduct is causing, and is likely to continue to cause, injury to PTC entitling PTC to:  (1) preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502; (2) an order impounding or destroying any and all infringing materials pursuant to 17 U.S.C. § 502; (3) its actual damages or statutory damages pursuant to 17 U.S.C. § 504; and (4) costs and attorneys' fees pursuant to 17 U.S.C. § 505.

ANSWER AND COUNTERCLAIM
OF PARAMETRIC TECHNOLOGY CORPORATION

## COUNT II
### Breach of Contract

52.     PTC repeats and realleges by reference Paragraphs 1-51 above as if set forth in full herein.

53.     PTC granted Flextronics a limited license to use certain PTC software on the terms set forth in the license agreements between the parties.  PTC has fulfilled all of its obligations under those agreements.

54.     By copying, sharing, and using the PTC software without authorization from PTC; by continuing to use the PTC software for commercial purposes; by installing the PTC software on its computers without authorization; by refusing PTC reasonable access to conduct an audit of Flextronics' use of PTC software; and by failing to provide a certified installation/usage report, Flextronics has breached the terms of the agreements between the parties.

## PRAYER FOR RELIEF

WHEREFORE, PTC respectfully prays for the following:

a.     For a preliminary and permanent injunction restraining Flextronics, its officers, agents, servants, employees, attorneys, and all persons acting in concert with them, from copying, distributing, making derivative works from, or otherwise using PTC's copyrighted software in any way, including for any business purpose, except as allowed by express written license from PTC;

b.     For an Order directing Flextronics to search for and identify all copies of PTC software currently on Flextronics' computer systems, and enjoining Flextronics, and its officers, agents, servants, employees, attorneys, and all persons acting in concert with them, from destroying any current, active, or archived copies of PTC software until after it has taken steps to preserve such evidence;

c.     For an Order directing Flextronics to file with the Court and serve on PTC within thirty (30) days after service on Flextronics of such injunction a written report, under oath, setting forth in detail the manner in which Flextronics has complied with the injunction;

18

1          d.       For an Order directing Flextronics, within thirty (30) days after service on

2 Flextronics of such injunction, to make its computer systems available to a third party auditor

3 chosen by PTC to audit Flextronics' use of PTC software;

4          e.       Awarding PTC compensatory and actual damages, or in the alternative to its

5 actual damages under the Copyright Act, at the election of PTC, awarding PTC statutory

6 damages for Flextronics' copyright infringement and increasing those damages because of

7 Flextronics' willful infringement;

8          f.       Awarding PTC its attorneys' fees and costs, including, without limitation, the cost

9 of conducting an audit of Flextronics' computer systems; and

10          g.       Awarding PTC such other relief as the Court may deem just and proper.

11

12

13 DATED:  March 4, 2013

14

15                                    Bingham McCutchen LLP

16

17                           By:            /s/ Bree Hann

18                                    Bree Hann
                                    bree.hann@bingham.com

19                                    Thane D. Scott
                                    Brandon L. Bigelow

20                                    Thai Q. Le
                                    Attorneys for Defendant

21                                    Parametric Technology Corporation

22

23                         **LOCAL RULE 5-1 ATTESTATION**

24          I, Thai Le, am the ECF User whose ID and password are being used to file the foregoing

25 document.  In compliance with Local Rule 5-1, I hereby attest that Bree Hann has concurred in

26 this filing.

27

28

ANSWER AND COUNTERCLAIM
OF PARAMETRIC TECHNOLOGY CORPORATION