1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FLEXTRONICS INTERNATIONAL, LTD., and FLEXTRONICS INTERNATIONAL USA, INC., <br><br> Plaintiffs, <br><br>        v. <br><br> PARAMETRIC TECHNOLOGY, CORPORATION, <br><br>        Defendant. | Case No.: C 13-0034 PSG <br><br> **ORDER GRANTING-IN-PART PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY** <br><br> **(Re: Docket No. 43)** |

In this copyright infringement and Computer Fraud and Abuse Act ("CFAA") case in

which Defendant Parametric Technology Corporation ("PTC") seeks a preliminary injunction

against Plaintiff Flextronics International, Ltd. and Flextronics International USA, Inc.

("Flextronics"), Flextronics moves for expedited discovery to prepare for the upcoming

preliminary injunction hearing.  Having considered the papers and arguments of counsel, the court

GRANTS-IN-PART the motion for expedited discovery.  The court sets out its reasoning below.

## I.        BACKGROUND

The parties are familiar with the facts of this case, and so the court provides only a brief

summary of the background relevant to this motion.  PTC has licensed software to Flextronics

since 1998.  On July 26, 2012, PTC informed Flextronics that it had detected Flextronics was using

Case No.: C 13-0034 PSG
ORDER GRANTING-IN-PART MOTION FOR EXPEDITED DISCOVERY

United States District Court<br>For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

unauthorized copies of PTC's software on its systems.  Flextronics inquired as to how PTC gathered data regarding Flextronics' computer systems, and PTC responded they had used "embedded technology that will initiate a push of information to a PTC server where the data is captured in a database."[1]  Although Flextronics disputes PTC's right to monitor Flextronics' computer systems, Flextronics searched its systems for unauthorized copies of PTC's software and identified "11 unusual results," which it later narrowed to 2 unauthorized copies.[2]  Flextronics' company policy prohibits the use of software without a valid license, and thus Flextronics argues that any use was "de minimis and inadvertent."[3]  Flextronics offered to pay for the unauthorized use, but the parties were unable to agree.[4]

On January 3, 2013, Flextronics filed suit against PTC.  PTC then moved to bar Flextronics from engaging in further copyright infringement, to order Flextronics to search and identify PTC software currently on Flextronics' computer systems, to bar Flextronics from destroying evidence, and to make its computer systems available to a third-party auditor chosen by PTC to audit Flextronics' use of PTC software.  Flextronics' position is that contrary to PTC's allegations, its own testing shows only 2 unauthorized copies.  To respond to the preliminary injunction, Flextronics seeks expedited discovery in the form of a request for production of "all documents and things related in any way to the 'embedded technology'" used to monitor Flextronics' computer systems, any other transmissions obtained by PTC of Flextronics' computer systems, and any disclosures made to Flextronics regarding the "embedded technology."[5]

---

[1] Docket No. 36, Ex. C.

[2] Docket No. 36 ¶ 10-12.

[3] *Id.* ¶ 13.

[4] *See id.* ¶ 14.

[5] Docket No. 43-1.

2

Case No.: C 13-0034 PSG
ORDER GRANTING-IN-PART MOTION FOR EXPEDITED DISCOVERY

United States District Court
For the Northern District of California

On April 9, 2013, the parties raised the issue of expedited discovery.  The court asked the parties to meet and confer and submit a proposed discovery schedule.  The parties failed to submit any schedule, however, and instead again summarized their positions on Flextronics' expedited discovery motion, leaving the court to now resolve this issue.[6]

## II.    LEGAL STANDARDS

The court may permit the parties to conduct expedited discovery if there is "good cause" to do so.[7]  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."[8]  In determining whether good cause exists, courts have considered the purpose of the requested discovery, whether the request is narrowly tailored, and the potential burden on the responding party.[9]

## III.    DISCUSSION

Flextronics argues the requested discovery is necessary to defend against PTC's pending preliminary injunction motion.  The central question at issue for the preliminary injunction hearing is whether Flextronics is currently engaging in copyright infringement.  As PTC rightly observes, Flextronics obviously has access to its own computer systems and may conduct internal audits to discover if there are unauthorized copies of PTC's software.  In fact, Flextronics has already done so.  The problem is that PTC alleges not only that Flextronics may be committing copyright infringement, but that Flextronics' internal audit cannot be trusted and the court should instead look to the results generated by PTC's embedded technology.  Thus the court is currently presented with two sets of test results, with no way of knowing which is correct.  Because expedited

---

[6] *See* Docket No. 65.

[7] *Interserve, Inc. v. Fusion Garage PTE, Ltd.*, 2010 WL 143665, at *2 (N.D. Cal. June 7, 2010).

[8] *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

[9] *See id.* at 276-77.

3

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

discovery regarding the methodology of both parties' testing will provide the court with more information to assess the possibility that Flextronics is currently committing copyright infringement, the court finds that at least some discovery is warranted.

The request for production proposed by Flextronics, however, is not narrowly-tailored to meet this end.  In addition to documents and things related to the function of the embedded technology, Flextronics also asks for "all documents concerning any alleged disclosure to Flextronics of the embedded technology." [10]  This request appears to be aimed at proving Flextronics' CFAA claims, rather than defending against a potential preliminary injunction.

The request for production is also not limited in temporal scope.  Because the timeframe immediately preceding the July 26, 2012 notice is most relevant to PTC's detection of unauthorized software on Flextronics' systems, the court sees little reason to allow unlimited early discovery of PTC's embedded technology dating back to 1998, which would appear to have far less to do with the preliminary injunction hearing.

For the first time in the joint letter to the court, PTC argues that if any discovery by Flextronics is permitted, PTC should be allowed either to conduct mass testing of Flextronics computers, or else require Flextronics to produce "all documents and communications concerning its efforts to locate on its computer systems unlicensed copies of PTC software, and all documents it intends to submit as evidence in opposition to PTC's motion for preliminary injunction."[11]  The court finds the latter request to be more reasonable in scope and efficiently targeted at resolving the issues presented.

Accordingly, the court will allow limited, reciprocal discovery regarding the internal audit conducted by Flextronics and the embedded technology used by PTC, as follows.  Flextronics is entitled to serve its request for production on PTC, with the exception of the last request.  The

---

[10] *See* Docket No. 43-1.

[11] Docket No. 65 at 3.

4

Case No.: C 13-0034 PSG
ORDER GRANTING-IN-PART MOTION FOR EXPEDITED DISCOVERY

production shall be limited to six months prior to July 26, 2012.  PTC also may serve a request for production of documents, as summarized in the letter brief to the court.  Both parties shall complete this discovery no later than June 14, 2013.  No later than June 21, 2013, the parties may submit supplemental briefing addressing anything learned in the discovery permitted by this order, not to exceed 10 pages, in support of their respective positions.

**IT IS SO ORDERED.**

Dated: May 24, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No.: C 13-0034 PSG
ORDER GRANTING-IN-PART MOTION FOR EXPEDITED DISCOVERY