UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FLEXTRONICS INTERNATIONAL, LTD. and FLEXTRONICS INTERNATIONAL USA, INC.<br><br>           Plaintiffs,<br>    v.<br>PARAMETRIC TECHNOLOGY CORPORATION<br>           Defendant. | Case No.: 5:13-cv-00034-PSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br> **(Re: Docket No. 14)** |

This case arises from a contractual agreement gone sour.  In 1998, Plaintiffs Flextronics International and Flextronics International USA entered into an "Enterprise Agreement" with Defendant Parametric Technology Corporation ("PTC").[1]  The agreement granted Flextronics a license to install and use PTC software on certain computers for a certain period of time.  Fourteen years later, PTC informed Flextronics that it had detected use of its software on over a hundred

---

[1] *See* Docket No. 1, ¶ 8.

1

Case No.: 5:13-cv-00034-PSG
**ORDER GRANTING MOTION TO DISMISS**

computers not covered by the Enterprise Agreement.[2]  In the course of investigating these allegations, Flextronics then discovered that PTC had been collecting information from its computers without its knowledge or permission.  Flextronics cried, "Hackers!," PTC responded, "Pirates!," and this suit ensued.

PTC now moves to dismiss Flextronics' claims under the Computer Fraud and Abuse Act[3], the California Computer Data Access And Fraud Act,[4] and its common law claims for trespass to chattels and conversion; PTC also moves to strike Flextronics' jury demand.  PTC argues that Flextronics has failed to allege cognizable injuries, that it has not alleged unauthorized access, and that Flextronics claims must be set forth with increased specificity because they sound in fraud.  Each of these arguments, however, returns to a one basic criticism: the allegations in the complaint are not specific enough to meet the pleading requirements under the federal rules.[5]  Having reviewed the papers and considered the arguments of counsel, the court agrees.

## I.    LEGAL STANDARDS

### A.    Rule 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6]  If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[7]  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]

---

[2] *See id.*, ¶¶ 13-14.

[3] 18 U.S.C. § 1030.

[4] Cal. Penal Code § 502.

[5]

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

2
Case No.: 5:13-cv-00034-PSG
**ORDER GRANTING MOTION TO DISMISS**

Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[9]  "A formulaic recitation of the elements of a cause of action will not do."[10]

On a motion to dismiss, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[11]  The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[12]  However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[13]

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear… that the complaint could not be saved by amendment."[14]

**B.      Rule 9(b)**

Claims sounding in fraud or mistake must comply with the heightened pleading requirements of Fed. R. Civ. P. 9(b) by pleading with particularity the circumstances surrounding the fraud or mistake. The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend

---

[9] *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[11] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[12] *See id.* at 1061.

[13] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[14] *Eminence Capital, LLC v. Asopeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

3
Case No.: 5:13-cv-00034-PSG
**ORDER GRANTING MOTION TO DISMISS**

against the charge."[15]  This includes "the who, what, when, where, and how of the misconduct charged."[16]

## II.  DISCUSSION

In support of its six-count complaint, Flextronics sets forth exactly thirteen sentences of facts.  Of those thirteen sentences, seven simply recite terms of the Executive Agreement, leaving only six describing the actual conduct of the parties.  Of the six sentences describing the conduct of the parties, three speak exclusively to Flextronics' alleged copyright violations.  Finally, of the three remaining sentences of factual allegations, one simply states that Flextronics has brought this case.  That leaves a grand total of two sentences of factual allegations that speak to the alleged wrongful conduct giving rise to six causes of action.

"While the pleading standard for Rule 8(a) is liberal,"[17] it is difficult to see how such notice may properly be given in only two sentences.  Even if it could, both the Ninth Circuit and the Supreme Court have emphasized that "conclusory facts do not 'show[ ] that the pleader[s] are entitled to relief.'"[18]  One cannot characterize Flextronics' broad statements that "PTC has been monitoring, accessing, collecting, using, and transferring data from Flextronics' computers without permission and in violation of state and federal law"  and that "PTC has illegally collected, used, and transferred" information as anything but simple conclusory allegations.  These types of statements "without any factual content to bolster [them], [are] just the sort of conclusory

---

[15] *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

[16] *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

[17] *Cook v. Brewer*, 637 F.3d 1002, 1006 (9th Cir. 2011).

[18] *Grassi v. Moody's Investors Servs.*, 11-17455, 2013 WL 5434024 (9th Cir. Oct. 1, 2013).

4
Case No.: 5:13-cv-00034-PSG
**ORDER GRANTING MOTION TO DISMISS**

allegation[s] that the *Iqbal* Court deemed inadequate."[19]  On these grounds alone, PTC's motion to dismiss the CFAA and CCDAFA claims is GRANTED.

Moving on to the trespass to chattels claim, the California Supreme Court has held that in the context of computer data, "short of dispossession, personal injury, or physical damage . . . [mere] intermeddling is actionable only if 'the chattel is impaired as to its condition, quality, or value, or ... the possessor is deprived of the use of the chattel for a substantial time.'"[20]  Because Flextronics has not alleged that the data was in any way degraded by PTC's actions or that it was deprived of use of the data for any period of time, PTC's motion is GRANTED as to the trespass to chattels claim.  Finally, the California Supreme Court has recognized that conversion requires greater interference with property than trespass to chattels.[21]  Under California tort law, "a cause of action for conversion can be based on either the taking of property or its intentional destruction or alteration."  As previously mentioned, Flextronics has not alleged any facts indicating that it was deprived of use of the data, or that the data in question was damaged or destroyed; if the pleadings as they stand do not amount to the lesser claim, then they cannot meet the requirements for the greater.  Accordingly, PTC's motion to dismiss the conversion claim also is GRANTED.[22]

Stripping away these four causes of action leaves only the declaratory judgment claims regarding copyright and breach of contract at issue.  As Flextronics itself acknowledges that the

---

[19] *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009).

[20] *Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1357, 71 P.3d 296, 306 (2003).

[21] *See id.* (noting that trespass to chattels is the "little brother of conversion," a claim to be brought where defendant's interference with the property is causing harm but "not amounting to conversion").

[22] Because the complaint cannot clear the low bar set by Rule 8(a), the court need not reach the applicability of Rule 9(b).

5
Case No.: 5:13-cv-00034-PSG
**ORDER GRANTING MOTION TO DISMISS**

jury waiver clause does apply to these claims, the court GRANTS PTC's motion to strike the jury demand.[23]

### III.     CONCLUSION

PTC's motion to dismiss is GRANTED.  Flextronics' claims under the CFAA, CCDAFA, and its claims for conversion and trespass to chattels, are dismissed without prejudice and with leave to amend.  Any amended pleading shall filed by February 10, 2014.

**IT IS SO ORDERED.**

Dated: January 8, 2014

Paul S. Grewal
PAUL S. GREWAL
United States Magistrate Judge

---

[23] *See* Docket No. 34 at 14, n. 11.

6
Case No.: 5:13-cv-00034-PSG
**ORDER GRANTING MOTION TO DISMISS**